FILED
CLERK, U.S. DISTRICT COURT

9/5/2025

CENTRAL DISTRICT OF CALIFORNIA
BY: ___jb___ DEPUTY

2:25-mj-871-BNW

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2025 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>DANIEL AUNG LAW,<br><br>　　　　Defendant. | CR  2:25-cr-00730-WLH<br><br>I N D I C T M E N T<br><br>[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), (b)(1)(C): Possession with Intent to Distribute Methamphetamine and Fentanyl; 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm and Ammunition; 18 U.S.C. § 924(c)(1)(A)(i): Possessing a Firearm in Furtherance of Drug Trafficking Crimes; 21 U.S.C. § 853, 18 U.S.C. § 924, and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

On or about July 30, 2023, in Los Angeles County, within the Central District of California, defendant DANIEL AUNG LAW knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 340 grams, of methamphetamine, a Schedule II controlled substance.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about July 30, 2023, in Los Angeles County, within the Central District of California, defendant DANIEL AUNG LAW knowingly and intentionally possessed with intent to distribute N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

1    COUNT THREE

2    [18 U.S.C. § 922(g)(1)]

3    On or about July 30, 2023, in Los Angeles County, within the Central District of California, defendant DANIEL AUNG LAW knowingly possessed a firearm, namely, a Glock, model 42, .380 Auto caliber pistol, bearing serial number AFRZ088, and ammunition, namely, four rounds of .380 Auto caliber ammunition bearing the headstamp "norma," and one round of .380 Auto caliber ammunition bearing the headstamp "CBC," each in and affecting interstate and foreign commerce.

    Defendant LAW possessed such firearm and ammunition knowing that he had been previously convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

    1.    Possession of a Controlled Substance for Sale, in violation of California Health & Safety Code section 11389, and Possession of Narcotics, in violation of Health & Safety Code section 11350(A), in the Superior Court of the State of California, County of Los Angeles, Case Number GA076862, on or about June 2, 2009;

    2.    Possession of a Firearm by a Felon, in violation of California Penal Code section 12021(A)(1), in the Superior Court of the State of California, County of Los Angeles, Case Number KA087578, on or about September 29, 2009;

    3.    Possession of a Firearm by a Felon, in violation of California Penal Code section 29800(A)(1), and Possession of a Controlled Substance, in violation of California Health & Safety Code section 11377(A), in the Superior Court of the State of California, County of Los Angeles, Case Number KA108755, on or about September 31, 2013;

1    4.   Obtaining Credit with Personal Information Without Consent, in violation of California Penal Code section 530.5, and Making a Fake Access Card, in violation of California Penal Code section 484I(C), in the Superior Court of the State of California, County of Los Angeles, Case Number KA108755, on or about June 23, 2015; and

    5.   Possession of False Identification, in violation of Nevada Revised Statutes section 205.465, and Trafficking a Schedule I Controlled Substance, in violation of Nevada Revised Statutes section 453.3385, in the Tenth Judicial District Court for the State of Nevada, Case Number CR-2700, on or about July 25, 2017.

COUNT FOUR

[18 U.S.C. § 924(c)(1)(A)(i)]

On or about July 30, 2023, in Los Angeles County, within the Central District of California, defendant DANIEL AUNG LAW knowingly possessed a firearm, namely, a Glock, model 42, .380 Auto caliber pistol, bearing serial number AFRZ088, in furtherance of drug trafficking crimes, namely, possession with intent to distribute methamphetamine and fentanyl, in violation of Title 21, United States Code Sections (b)(1)(A)(viii) and (b)(1)(C), as charged in Counts One and Two of this Indictment, respectively.

|    |                                                                                 |
|----|---------------------------------------------------------------------------------|
| 1  | FORFEITURE ALLEGATION ONE                                                        |
| 2  | [21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]                          |
| 3  | 1.  Pursuant to Rule 32.2(a) of the Federal Rules of Criminal                   |
| 4  | Procedure, notice is hereby given that the United States of America             |
| 5  | will seek forfeiture as part of any sentence, pursuant to Title 21,             |
| 6  | United States Code, Section 853, Title 18, United States Code,                  |
| 7  | Section 924, and Title 28, United States Code, Section 2461(c), in              |
| 8  | the event of the defendant's conviction of the offenses set forth in            |
| 9  | any of Counts One through Two of this Indictment.                               |
| 10 | 2.  The defendant, if so convicted, shall forfeit to the United                 |
| 11 | States of America the following:                                                |
| 12 | (a)  All right, title and interest in any and all property,                     |
| 13 | real or personal, constituting or derived from, any proceeds which              |
| 14 | the defendant obtained, directly or indirectly, from any such                   |
| 15 | offense;                                                                        |
| 16 | (b)  All right, title and interest in any and all property,                     |
| 17 | real or personal, used, or intended to be used, in any manner or                |
| 18 | part, to commit, or to facilitate the commission of any such offense;           |
| 19 | (c)  All right, title, and interest in any firearm or                           |
| 20 | ammunition involved in or used in any such offense; and                         |
| 21 | (d)  To the extent such property is not available for                           |
| 22 | forfeiture, a sum of money equal to the total value of the property             |
| 23 | described in subparagraphs (a), (b), and (c).                                   |
| 24 | 3.  Pursuant to Title 21, United States Code, Section 853(p),                   |
| 25 | the defendant, if so convicted, shall forfeit substitute property if,           |
| 26 | by any act or omission of said defendant, the property described in             |
| 27 | the preceding paragraph, or any portion thereof: (a) cannot be                  |
| 28 | located upon the exercise of due diligence; (b) has been transferred,           |

1  sold to, or deposited with a third party; (c) has been placed beyond
2  the jurisdiction of the court; (d) has been substantially diminished
3  in value; or (e) has been commingled with other property that cannot
4  be divided without difficulty.

1  FORFEITURE ALLEGATION TWO
2  [18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]
3     1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal
4  Procedure, notice is hereby given that the United States of America
5  will seek forfeiture as part of any sentence, pursuant to Title 18,
6  United States Code, Section 924(d)(1), and Title 28, United States
7  Code, Section 2461(c), in the event of the defendant's conviction of
8  the offenses set forth in any of Counts Three through Four of this
9  Indictment.
10    2.   The defendant, if so convicted, shall forfeit to the United
11 States of America the following:
12        (a)  All right, title, and interest in any firearm or
13 ammunition involved in or used in any such offense; and
14        (b)  To the extent such property is not available for
15 forfeiture, a sum of money equal to the total value of the property
16 described in subparagraph (a).
17    3.   Pursuant to Title 21, United States Code, Section 853(p),
18 as incorporated by Title 28, United States Code, Section 2461(c), the
19 defendant, if so convicted, shall forfeit substitute property, up to
20 the value of the property described in the preceding paragraph if, as
21 the result of any act or omission of said defendant, the property
22 described in the preceding paragraph or any portion thereof (a)
23 cannot be located upon the exercise of due diligence; (b) has been
24 transferred, sold to, or deposited with a third party; (c) has been
25 placed beyond the jurisdiction of the court; (d) has been
26 //
27 //
28

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

BILAL A. ESSAYLI
Acting United States Attorney

CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division

*Frances S. Lewis* (signature)

FRANCES S. LEWIS
Assistant United States Attorney
Chief, General Crimes Section

SHAWN T. ANDREWS
Assistant United States Attorney
Deputy Chief, General Crimes Section

WILLIAM LARSEN
Assistant United States Attorney
Criminal Appeals Section